[No. B196321. Second Dist., Div. Five. Aug. 22, 2008.]

ISSA CHINN, Plaintiff and Appellant, v.
KMR PROPERTY MANAGEMENT et al., Defendants and Respondents.

176

178

COUNSEL

Robert B. Amidon and Robert B. Amidon for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Stacy L. Douglas and Nicholas M. Gedo for Defendants and Respondents.

## OPINION

**KRIEGLER, J.**—Plaintiff accepted an offer to compromise pursuant to Code of Civil Procedure section 998,[1] agreeing to dismiss her tort action in exchange for a monetary payment. After entry of the order of dismissal, the trial court awarded costs to plaintiff, but denied recovery of attorney fees. Plaintiff appeals the award of costs, contending that she is entitled to additional costs and an award of attorney fees based on a broadly worded attorney fee provision in her lease agreement and as the prevailing party with a net monetary recovery under the cost provisions of section 1032. We conclude a section 998 compromise agreement that requires a dismissal of the action and waives the defendant's costs is silent as to a plaintiff's ability to recover costs. However, here, defendants are the prevailing parties for the purposes of an award of costs under section 1032, because a dismissal was entered in defendants' favor. Regardless of which party is entitled to an award of costs under section 1032, the trial court has discretion after a voluntary pretrial dismissal to determine whether there is a prevailing party for the purpose of an award of contractual attorney fees incurred in a tort

---

[1] All statutory references are to the Code of Civil Procedure, unless otherwise noted.

action. Therefore, we reverse the portion of the judgment denying plaintiff's motion for entitlement to attorney fees as against defendant and respondent Colorado Palms, LP (CPLP), remand that issue to allow the trial court to exercise its discretion, and otherwise affirm.

## FACTS AND PROCEDURAL BACKGROUND

Issa Chinn and her boyfriend Glenn Jett had an altercation with the manager of their apartment complex, Kenneth Grimes. In December 2004, Chinn and Jett filed an action for assault, battery, and negligence against Grimes, the property management company KMR Property Management, and the property owner CPLP.[2] The negligence cause of action alleged that KMR and CPLP owed a duty of care to Chinn and Jett to provide for their safety as tenants, which KMR and CPLP breached by failing to exercise reasonable care in employing Grimes to manage the building. The prayer for relief requested general damages of $100,000, noneconomic damages in excess of $1 million, punitive damages, attorney fees, and costs. Grimes filed a cross-complaint against KMR and CPLP for indemnity and declaratory relief.

KMR and CPLP moved to strike the request for attorney fees on the ground that the complaint failed to allege any statutory or contractual basis for attorney fees. The trial court granted the motion to strike and allowed 10 days to amend the complaint. Chinn and Jett filed an amended complaint that requested costs of suit, but not attorney fees.[3]

In March 2006, Chinn served KMR and CPLP each with section 998 offers to enter judgment in her favor in the amount of $10,000, including costs. She served Grimes with a section 998 offer for $17,000. Both offers expired without acceptance.

In June 2006, KMR and CPLP served Chinn with a section 998 offer containing two separate settlement proposals. Chinn could "dismiss with

---

[2] Jett and Grimes are not parties to this appeal.

[3] The amended complaint was not included in the record on appeal. In a footnote in her reply brief, Chinn requests that this court take judicial notice of an amended complaint identified on the civil case summary as having been filed on May 2, 2005. A request for judicial notice must be made in a written motion pursuant to the requirements of California Rules of Court, rule 8.54. A party's request to augment the record with a document filed in the case in superior court must include, if available, a copy of the document that it wants added to the record pursuant to California Rules of Court, rule 8.155. Chinn failed to comply with either rule. However, on the court's own motion, we order the record augmented to include the amended complaint filed in superior court. (Cal. Rules of Court, rule 8.155(a)(1)(A).) Chinn filed a motion to take additional evidence pursuant to section 909 to augment the record and for judicial notice as to documents that are either not relevant to the issues on appeal or were not before the trial court at the time the judgment was entered. Therefore, we deny the motion.

prejudice her entire lawsuit" against Grimes, KMR, and CPLP. In return, KMR and CPLP would pay her $23,500 and waive all costs. The dismissal was to be filed with the trial court in lieu of a judgment in favor of CPLP and KMR. Alternatively, Chinn could "allow judgment to be taken in favor of defendants [Grimes, KMR, and CPLP], and against plaintiff." In return, KMR and CPLP would pay Chinn $23,500 and waive all costs. The offer stated that if Chinn did not accept and failed to obtain a more favorable judgment from KMR and CPLP, she would not recover her costs and would pay defendants' costs from the time of the offer.

Chinn accepted the first offer, agreeing to enter a dismissal of the entire lawsuit. She filed a notice of settlement stating that pursuant to the section 998 offer, Chinn's action had been settled according to the terms and conditions between the parties. Chinn filed a request for dismissal of her action with prejudice. Dismissal was entered on August 30, 2006.

On September 7, 2006, Chinn filed a memorandum of costs totaling $30,279.42, including service of process costs of $1,117.30, witness fees of $15,840, and investigation costs of $9,880.84. Chinn also requested attorney fees in an amount to be set forth in another motion.

Grimes filed a motion to strike the memorandum of costs on the ground that Chinn did not obtain a judgment in her favor. In the alternative, Grimes sought to tax costs on the grounds that the service costs were excessive and unreasonable, the witness fees were unclear, and investigation expenses were not allowable. KMR and CPLP filed a notice of joinder in Grimes's motion.

On September 21, 2006, Chinn moved for an order finding she was entitled to attorney fee and costs as a prevailing party under section 1021 based on an attorney fees provision in her lease agreement. Chinn attached a copy of the lease agreement between Chinn and CPLP, which provided: "If any legal action or proceeding be brought by either party to this agreement, the prevailing party shall be reimbursed for all reasonable attorney's fees and costs in addition to other damages awarded."

KMR and CPLP opposed the motion for attorney fees and costs on the grounds that (1) the operative complaint did not contain a cause of action for breach of contract or request for attorney fees; (2) Chinn's tort claims were unrelated to the lease agreement; and (3) Chinn was not the prevailing party under the terms of the compromise agreement, the statutory definition in section 1032, or as a practical matter, because she settled for an amount far less than she had been seeking in the lawsuit.

Chinn opposed the motion to strike or tax costs on the grounds that (1) Grimes did not have standing to object to costs requested from KMR and

CPLP; (2) she was the prevailing party; and (3) under section 998, she received a more favorable award from KMR and CPLP than the section 998 offers she had made for $10,000 each.

A hearing was held on the motion to strike or tax costs and the motion for entitlement to attorney fees and costs. On November 9, 2006, the trial court found that Grimes was the prevailing party as between Chinn and Grimes, and granted the motion to strike the memorandum of costs against him. The court granted KMR and CPLP's joinder in the motion to strike. As to KMR and CPLP, the court found the amount claimed for service of process was unreasonable and reduced the amount for service of process to $300. The court taxed the amounts claimed for expert witness fees and investigative costs, finding that Chinn was not entitled to recover expert witness fees under section 998 and investigative costs were not authorized by statute. The court denied Chinn's motion for attorney fees as to Grimes and KMR, because Grimes was a prevailing party and neither Grimes nor KMR was a party to the lease. The court denied Chinn's motion for attorney fees as to CPLP, finding no sufficient relationship between the tort claim and the lease agreement. In addition, the court noted that the motion failed to state the amount of attorney fees requested or provide competent evidence of the attorney fees incurred in the prosecution of the case.

On November 20, 2006, the trial court entered a judgment stating that Chinn was awarded her costs as prevailing party with a net monetary recovery, but no amount was stated. Chinn filed a motion for clarification of the judgment. KMR and CPLP filed a motion for reconsideration. After a hearing on January 10, 2007, the trial court granted Chinn's motion and amended the judgment to include costs of $4,036.58. The court deemed the reconsideration motion to be a motion for clarification as well. The court stated that Chinn was the prevailing party for purposes of costs as against KMR and CPLP because she obtained a net monetary recovery of $23,500 and the dismissal of the action was pursuant to the acceptance of a section 998 offer. An amended judgment was filed on January 10, 2007, awarding Chinn costs of $4,036.58. Chinn filed a timely notice of appeal.

## DISCUSSION

*Lease Agreement Permits Recovery of Costs and Fees in Tort Action*

Chinn contends the attorney fee provision of her lease agreement allows the prevailing party to recover attorney fees in the instant tort action. We agree.

"[T]o determine whether an award of attorney fees is warranted under a contractual attorney fees provision, the reviewing court will examine the

applicable statutes and provisions of the contract. Where extrinsic evidence has not been offered to interpret the lease, and the facts are not in dispute, such review is conducted de novo. (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 705 [75 Cal.Rptr.2d 376].)" (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 [118 Cal.Rptr.2d 569].) "As the case law makes clear, the test is not whether the cause of action sounds in tort or contract. Instead, the sole question is the intent of the parties: did they intend to authorize the prevailing party to recover its attorney fees for a tort cause of action. [Citations.]" (*Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1798 [54 Cal.Rptr.2d 541].)

The attorney fee provision in Chinn's lease agreement with CPLP was exceptionally broad, providing for attorney fees to the prevailing party in "any legal action or proceeding brought by either party to this agreement." The attorney fee provision did not require that the action be related to or arise out of the lease agreement. Moreover, the negligence cause of action alleged in the complaint, based on CPLP's duty to protect its tenant from foreseeable harm, clearly related to her tenancy. (*Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1213–1223 [63 Cal.Rptr.3d 99, 162 P.3d 610]; *Andrews v. Mobile Aire Estates* (2005) 125 Cal.App.4th 578, 588–590 [22 Cal.Rptr.3d 832].) We conclude the attorney fee provision of the lease agreement encompassed an award of attorney fees to the prevailing party in the instant tort action.

*Costs and Attorney Fees Under the Section 998 Compromise Agreement*

The statutory scheme governing costs and section 998 offers allows parties to allocate costs and attorney fees in their compromise agreement. (§§ 998, 1032, subd. (c).) Therefore, we examine the parties' section 998 agreement for an allocation of costs and fees. KMR and CPLP contend a section 998 offer requiring plaintiff to dismiss her action with prejudice implicitly provides for an award of costs to defendants, because under section 1032, a defendant is entitled to an award of costs as a matter of right after a dismissal. They argue that their right to recover costs is also reflected in their offer to waive their costs. We cannot agree that Chinn was precluded from recovering her costs under defendants' section 998 offer.

In the absence of any conflicting extrinsic evidence, interpretation of a section 998 offer is a question of law that we review de novo. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839]; *Ritzenthaler v. Fireside Thrift Co.* (2001) 93 Cal.App.4th 986, 990 [113 Cal.Rptr.2d 579].) We apply general principles of contract law where those principles neither conflict with section 998 nor defeat its purpose. (*T. M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338].) "We interpret the intent and scope of the

agreement by focusing on the usual and ordinary meaning of the language used and the circumstances under which the agreement was made." (*Lloyd's Underwriters v. Craig & Rush, Inc.* (1994) 26 Cal.App.4th 1194, 1197–1198 [32 Cal.Rptr.2d 144].) "Moreover, where one construction would make a contract unusual and extraordinary and another construction, equally consistent with the language employed, would make it reasonable, fair, and just, the latter construction must prevail." (*Sayble v. Feinman* (1978) 76 Cal.App.3d 509, 513 [142 Cal.Rptr. 895].) "In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist." (Civ. Code, § 1654.)

■ "Under section 998, a party to a civil action may serve upon any other party an offer to 'allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time.' (§ 998, subd. (b).) 'If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly.' (§ 998, subd. (b)(1).) If a plaintiff does not accept the offer and fails to obtain a more favorable judgment at trial, then the plaintiff is liable for the offering party's attorney and expert witness fees. (§ 998, subd. (c)(1).)" (*On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1084–1085 [57 Cal.Rptr.3d 698].)

■ A judgment entered pursuant to the acceptance of a section 998 offer is "a stipulated or consent judgment" that is regarded as a contract between the parties and "must be construed as any other contract." (*Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 263 [155 Cal.Rptr. 516]; see *Ritzenthaler v. Fireside Thrift Co., supra*, 93 Cal.App.4th at p. 990.) Section 998 permits the parties to determine the nature of the judgment to be entered and to resolve collateral matters, including costs. The parties may agree that judgment will be entered in favor of the plaintiff (*Rappenecker v. Sea-Land Service, Inc., supra*, 93 Cal.App.3d at pp. 262–263) or that the action will be dismissed voluntarily (*Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 905–906 [32 Cal.Rptr.2d 740]). Section 1032 also allows the parties to stipulate to procedures for resolving the matter of costs. (*Goodstein v. Bank of San Pedro, supra*, 27 Cal.App.4th at p. 908; § 1032, subd. (c).)

■ A section 998 offer that is silent on the issue of attorney fees and costs cannot reasonably be interpreted to exclude recovery of fees and costs by the prevailing party. (*Ritzenthaler v. Fireside Thrift Co., supra*, 93 Cal.App.4th at pp. 990–991 [§ 998 offer for entry of judgment against the defendant " 'in final settlement of all damages and injunctive claims' " did not waive the plaintiffs' right to seek attorney fees under Civ. Code, § 1717];

*Lanyi v. Goldblum* (1986) 177 Cal.App.3d 181, 192–193 [223 Cal.Rptr. 32] [§ 998 offer to allow entry of judgment against the defendant for $3,000 did not waive the plaintiffs' right to recover statutory fees under Civ. Code, § 1717]; *Rappenecker v. Sea-Land Service, Inc., supra*, 93 Cal.App.3d at pp. 262–265 [§ 998 offer for payment to the plaintiff and entry of judgment against the defendant " 'in full compromise settlement of his claims regarding his service aboard the SS Mayaguez' " did not include costs, and the plaintiff could recover costs under the former version of § 1032 allowing costs upon a judgment in the plaintiff's favor in an action for the recovery of money]; *On-Line Power, Inc. v. Mazur, supra*, 149 Cal.App.4th at pp. 1083–1084 [§ 998 offer for payment as " 'full and complete resolution of all of the claims raised by the Cross-Complaint to be dismissed with prejudice' " was silent as to attorney fees].) A party intending an offer to compromise under section 998 to encompass attorney fees and costs can easily provide in the offer that each side is to bear its own attorney fees and costs. (*Ritzenthaler v. Fireside Thrift Co., supra*, 93 Cal.App.4th at p. 991.)

KMR and CPLP's section 998 offer was silent as to Chinn's ability to recover costs and attorney fees. An offer requiring a plaintiff to dismiss the action is not the same as an offer providing that the defendant is entitled to recover costs, even if certain consequences result from dismissal of the action, such as an award of costs to the defendant under section 1032. KMR and CPLP's offer to waive their costs does not assume that they were entitled to recover costs, nor does their waiver imply anything about Chinn's ability to seek her costs. They may have intended simply to assure Chinn that in the event they were entitled to recover their costs, they waived that right.

Even were we to conclude the agreement was ambiguous as to whether Chinn could seek costs and fees, as the parties who proposed the terms of the section 998 offer, KMR and CPLP caused any ambiguity concerning costs and fees. KMR and CPLP could have provided that they were the prevailing parties for the purposes of an award of costs, a right which they waived, or that the parties would bear their own costs. They caused any uncertainty that exists, and therefore, the agreement must be interpreted against them. Because we conclude the agreement was silent as to which party was entitled to recover costs and fees, we turn to the statutory provisions for costs.

*Award of Costs to Prevailing Party Under Section 1032*

Chinn contends the trial court correctly awarded her costs as the prevailing party under section 1032, because she is the party with the net monetary recovery based on the parties' section 998 compromise agreement. However, she contends the trial court abused its discretion by reducing the amount for service of process. In addition, she contends that she was entitled to recover

nonstatutory costs under the lease provision; namely, investigative costs. Although KMR and CPLP did not appeal the award of costs to Chinn, they contend she should not be awarded any additional amount for costs, because they were the prevailing parties for the purposes of an award of costs under section 1032. We agree with KMR and CPLP.

"The proper interpretation of a statute, and its application to undisputed facts, is a question of law that we review de novo. [Citation.] In this de novo review, ' "[o]ur fundamental task . . . is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.] We begin by examining the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs. . . ." ' [Citation.]" (*Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 889 [70 Cal.Rptr.3d 474].)

"A latent ambiguity exists where ' "some extrinsic evidence creates a *necessity* for interpretation or a choice among two or more *possible meanings*." [Citation.]' [Citation.] Such a necessity is present where a literal construction would frustrate rather than promote the purpose of the statute. [Citations.] Another example of such a necessity is presented where a literal construction would produce absurd consequences. [Citation.]" (*Coburn v. Sievert* (2005) 133 Cal.App.4th 1483, 1495 [35 Cal.Rptr.3d 596].)

Where an ambiguity is found to exist, " ' "we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." ' [Citation.] We also keep in mind that we do not consider the statutory language in isolation. [Citation.] Instead, we must ' "look to 'the entire substance of the statute,' " ' harmonizing ' " 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' [Citation.]" (*Environmental Defense Project of Sierra County v. County of Sierra, supra*, 158 Cal.App.4th at p. 889.)

In 1933, the Legislature enacted sections 1031 and 1032 to consolidate several cost statutes. As enacted, section 1031 provided in municipal and justice courts, "the prevailing party, including a defendant as to whom the action is dismissed, is entitled to his costs . . . ." (Stats. 1933, ch. 744, § 190, p. 1901 [consolidating matter contained in former §§ 831d & 924].) Section 1032 provided for an award of costs as a matter of right in superior court to (1) a party who had a judgment in his favor in specified actions, including "an action for the recovery of money or damages," as long as the judgment met the trial court's jurisdictional limit; or (2) a defendant as to whom the action was dismissed. (Stats. 1933, ch. 744, § 191, p. 1901 [consolidating

former §§ 1022, 1024–1026].)[4] In all other actions, the court had discretion under section 1032 to award and allocate costs. (Stats. 1933, ch. 744, § 191, p. 1901.) The cost statutes apparently codified case law interpreting a voluntary dismissal as a judgment in the defendant's favor (*Spinks v. Superior Court* (1915) 26 Cal.App. 793, 795 [148 P. 798] [a voluntary dismissal determines the action in favor of the defendant and ends the suit, noting dicta in *Hopkins v. Superior Court* (1902) 136 Cal. 552, 554 [69 P. 299]]).[5]

Under former section 1032, "If the parties had competing claims for damages, then the party with a net judgment in his favor was the sole party entitled to costs. [Citations.] But even without competing monetary claims, a plaintiff who received only partial recovery was still found to be the sole successful party entitled to costs. The defendant was not entitled to any setoff for his partial victory. [Citations.]" (*Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1198–1199 [57 Cal.Rptr.2d 227].)

In 1986, several related statutes were amended as part of Senate Bill No. 654 (1985–1986 Reg. Sess.). (Stats. 1986, ch. 377, § 6, p. 1578.) The cost provisions of former sections 1031 and 1032 were consolidated. Section 1032, subdivision (b), now provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding," unless another statute expressly provides otherwise. A definition of "prevailing party" was added, as used in section 1032: " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may

---

[4] As enacted, section 1032 provided in pertinent part: "costs are allowed of course: [¶] (a) To plaintiff upon a judgment in his favor [in certain types of actions, including] an action for the recovery of money or damages . . . . [¶] . . . [¶] (b) To the defendant upon a judgment in his favor [in the same actions] or as to whom the action is dismissed. . . . [¶] (c) In other actions than those mentioned in this section, costs may be allowed or not, . . . in the discretion of the court . . . ." (Stats. 1933, ch. 744, § 191, p. 1901.)

[5] In *Goodstein v. Bank of San Pedro, supra,* 27 Cal.App.4th at pages 906–907, the court interpreted the term "judgment" as used in section 998 to include a compromise agreement that requires voluntary dismissal of the action, because it disposes of the complaint as effectively as a compromise agreement calling for entry of judgment. In dicta, the *Goodstein* court stated that a compromise agreement providing for payment by the defendant and dismissal of the action by the plaintiff is the legal equivalent of a judgment in the plaintiff's favor. The court's statements were limited to section 998 and did not concern section 1032. Moreover, the *Goodstein* court relied on *Gregory v. Hamilton* (1978) 77 Cal.App.3d 213, 221 [142 Cal.Rptr. 563]. In *Gregory,* the court simply found the trial court had the authority to enter judgment in the plaintiff's favor to enforce a settlement agreement that had contemplated dismissal of the action, because a compromise agreement requiring payment by the defendant and dismissal of the action by the plaintiff was as binding as a final judgment.

allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034." (§ 1032, subd. (a)(4).)

■ "As rewritten, section 1032 now declares that costs are available as 'a matter of right' when the prevailing party is within one of the four categories designated by statute. (§ 1032, subds. (a)(4), (b).)" (*Michell v. Olick, supra*, 49 Cal.App.4th at p. 1197.) Generally, when a party falls squarely within one of the four situations enumerated in the definition of a prevailing party under section 1032, that party is entitled to recover costs as a matter of right. (*Great Western Bank v. Converse Consultants, Inc.* (1997) 58 Cal.App.4th 609, 612–614 [68 Cal.Rptr.2d 224]; *Crib Retaining Walls, Inc. v. NBS/Lowry, Inc.* (1996) 47 Cal.App.4th 886, 889–891 [54 Cal.Rptr.2d 850].) "It is clear from the statutory language that when there is a party with a 'net monetary recovery' (one of the four categories of prevailing party), that party is entitled to costs as a matter of right; the trial court has no discretion to order each party to bear his or her own costs." (*Michell v. Olick, supra*, 49 Cal.App.4th at p. 1198.)[6] In other circumstances, the trial court exercises its discretion to determine the prevailing party, "comparing the relief sought with that obtained, along with the parties' litigation objectives as disclosed by their pleadings, briefs, and other such sources." (*On-Line Power, Inc. v. Mazur, supra*, 149 Cal.App.4th at p. 1087.)

■ Construing the term "net monetary recovery" in context, we conclude that the Legislature did not intend to include settlement proceeds received by the plaintiff in exchange for a dismissal in favor of the defendant. The definition of "prevailing party" provided in section 1032 requires the court to award costs as a matter of right in specified situations. By precluding consideration of settlement proceeds as a "net monetary recovery" when a dismissal is entered in favor of the defendant, only one party qualifies for a mandatory award of costs, consistent with the prior law.

Chinn contends that the commonsense meaning of the isolated term "net monetary recovery" includes settlement proceeds. However, Chinn's interpretation would lead to an absurd result, as both plaintiff and defendants would be entitled to an award of costs as a matter of right.

---

[6] In *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1155 [70 Cal.Rptr.2d 769], the court concluded that when one party recovers money and the opposing party receives nonmonetary relief, section 1032 does not require the trial court to award contractual attorney fees to the party with the net monetary recovery, but, rather, allows the trial court to exercise discretion to determine the prevailing party for the purpose of an award of contractual attorney fees. We note that *Sears* was decided prior to *Santisas v. Goodin* (1998) 17 Cal.4th 599 [71 Cal.Rptr.2d 830, 951 P.2d 399] and was not a voluntary pretrial dismissal case. (*Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 446, fn. 1 [118 Cal.Rptr.2d 475].)

■ We recognize that "in situations other than specified," the trial court has discretion to award costs under section 1032. However, a net monetary recovery and a dismissal in the defendant's favor are not situations other than specified; they are both specified situations. If the Legislature had intended more than one party to qualify as a prevailing party under the mandatory cost award provision, it easily could have provided for the trial court to exercise discretion to award costs in the event that more than one party qualified as a prevailing party. (But see *On-Line Power, Inc. v. Mazur, supra,* 149 Cal.App.4th at p. 1087 [stating in dicta that when a plaintiff claims prevailing party status based on a payment pursuant to a § 998 offer, and a defendant claims to be the prevailing party based on a dismissal in the defendant's favor, both parties are prevailing parties as defined in § 1032, and the situation is arguably one other than as specified, requiring an exercise of the trial court's discretion].)

The legislative history of Senate Bill No. 654 (1985–1986 Reg. Sess.) does not indicate any change in the law to consider settlement proceeds or provide costs to a plaintiff after a dismissal. The Legislative Counsel's Digest printed on the bill simply states in pertinent part: "Existing law contains numerous provisions for the prevailing party in superior, municipal, and justice court actions to receive costs . . . . [¶] This bill would repeal those provisions and instead provide that except as otherwise provided by law, a prevailing party, as defined, is entitled as a matter of right to recover costs in any action or proceeding. This bill would provide for the determination of fees and costs by the court in specified instances . . . ." (Assem. Amend. to Sen. Bill No. 654 (1985–1986 Reg. Sess.) Apr. 17, 1986.)

The Senate Committee on Judiciary, Analysis of Senate Bill No. 654 (1985–1986 Reg. Sess.) as amended April 15, 1986, noted that the purpose of the bill was "to consolidate the relevant law governing recovery of costs and to simplify the present procedure for determining these costs, thereby relieving court congestion and easing judicial workload." The bill required the Judicial Council to promulgate a uniform set of guidelines governing the award of costs in all courts, and "it is assumed that the rules would reflect existing statutory and case law." Three minor changes to existing law were noted: the prevailing party would be entitled to recover court reporter expenses, a $5 bonus to the prevailing party would be eliminated, and a $100 cost item in libel and slander cases would be eliminated.

Senate Bill No. 654 (1985–1986 Reg. Sess.) was introduced on behalf of the California Judges Association Civil Law and Procedure Committee. On January 20, 1984, Judge Richard H. Breiner, who was the chairman of the civil law and procedure committee, responded in writing to a telephone call from Assembly Republican consultant Earl Cantos. Judge Breiner stated in

pertinent part, "The proposed bill merely synthesizes and simplifies the myriad of existing statutes into language which is clear, simple, and located in one place. You expressed concern that the proposal might allow an award of costs against a plaintiff not presently permitted under current law, when an action is dismissed. Under present[] law, costs are allowed to a defendant when plaintiff's action is dismissed (*City of Industry v. Gordon* (1972) 29 Cal.App.3d 90 [105 Cal.Rptr. 206]), whether it is a voluntary dismissal with prejudice (*Fisher v. Eckert* (1950) 94 Cal.App.2d 890 [212 P.2d 64]) or without prejudice (*International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031]). The proposed bill provides for no different result, but rather simply provides in cases of dismissal, for costs to a 'defendant on dismissal.' "

Nothing in the background materials accompanying the proposed amendment mentioned settlement proceeds or suggested the definition of "prevailing party" in section 1032 would change existing law to permit an award of costs to a plaintiff following a dismissal. (See Sen. Com. on Judiciary, Analysis of Sen. Bill No. 654 (1985–1986 Reg. Sess.) as amended Apr. 15, 1986; Sen. Com. on Judiciary, legis. bill file on Sen. Bill No. 654 (1985–1986 Reg. Sess.); Assem. Com. on Judiciary, Analyses of Sen. Bill No. 654 (1985–1986 Reg. Sess.) as amended Mar. 31 and Apr. 17, 1986; Office of Assem. Floor Analyses, 3d reading analyses of Sen. Bill No. 654 (1985–1986 Reg. Sess.) as amended Apr. 17, June 5, and July 8, 1986.)

We conclude that KMR and CPLP, as defendants with a dismissal entered in their favor, were the prevailing parties for the purposes of an award of costs as a matter of right under section 1032. Chinn was not entitled to recover any additional amount for service of process or investigative costs.

*Recovery of Contractual Attorney Fees in a Tort Action*

■ Although Chinn was not the prevailing party under section 1032, the prevailing party for the award of costs under section 1032 is not necessarily the prevailing party for the award of attorney fees. (*Santisas v. Goodin, supra,* 17 Cal.4th 599, 621–622 (*Santisas*); *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456 [282 Cal.Rptr. 828].) Therefore, we examine whether Chinn may recover her attorney fees in this case.

■ Attorney fees are not generally recoverable as costs unless authorized by statute or agreement. (§ 1021.) Prior to 1968, contractual attorney fees could be awarded only after pleading and proof, and therefore, they could not be recovered after a voluntary dismissal. (*International Industries, Inc. v. Olen, supra,* 21 Cal.3d at p. 223 (*Olen*).) The enactment of Civil Code section

1717[7] in 1968, which created a reciprocal right to attorney fees in contracts with unilateral attorney fee provisions, was found to have removed the procedural bar to awarding contractual attorney fees after a dismissal, because fees authorized by statute are recoverable as costs. (*Olen, supra,* 21 Cal.3d at p. 223, citing *T.E.D. Bearing Co. v. Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 63 et seq. [112 Cal.Rptr. 910].) However, in *Olen,* the Supreme Court concluded public policy and equitable considerations required the parties should bear their own attorney fees when the plaintiff voluntarily dismissed an action prior to trial, whether the claim for fees was based on a contract provision or on the reciprocal right provided by Civil Code section 1717. (*Olen, supra,* 21 Cal.3d at p. 223.)

In *Olen,* a sublessor sued a sublessee to recover rent and reasonable attorney fees pursuant to a sublease provision that gave the sublessor a unilateral right to recover attorney fees incurred to enforce the sublease. (*Olen, supra,* 21 Cal.3d at p. 220.) While the action was pending, the sublessee vacated the premises and the sublessor relet them to another subtenant at a higher rent. (*Ibid.*) The sublessor dismissed the action without prejudice. The sublessee moved for entry of judgment and filed a memorandum of costs seeking a filing fee of $35 and attorney fees of $1,285. (*Id.* at p. 221.) The *Olen* court concluded that the sublessee was entitled to recover filing fees under section 1032 as a matter of right, because he was a defendant in whose favor a dismissal had been entered. (*Olen, supra,* 21 Cal.3d at p. 221.) The court acknowledged that attorney fees may be recoverable under Civil Code section 1717 as costs pursuant to statute and awarded to the prevailing party as part of a memorandum of costs. (*Olen, supra,* 21 Cal.3d at p. 223.) However, a majority of the court concluded that "sound public policy and recognized equitable considerations require that we adhere to the prior practice of refusing to permit recovery of attorney fees based on contract when the plaintiff voluntarily dismisses prior to trial." (*Ibid.*) Therefore, the court reversed the portion of the order denying the filing fee, but affirmed the denial of attorney fees as costs. (*Id.* at p. 225.)

By amendment in 1981, Civil Code section 1717 was made applicable to any attorney fee provision in a contract action. (Stats. 1981, ch. 888, § 1, p. 3399; *Santisas, supra,* 17 Cal.4th at pp. 614–615.) The Legislature also

---

[7] In an action on a contract with an attorney fee provision allowing one party to recover attorney fees and costs incurred to enforce the contract, Civil Code former section 1717 provided that "the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs . . . ." As originally enacted, "prevailing party" was defined as "the party in whose favor final judgment is rendered." (Stats. 1968, ch. 266, p. 578.)

added subdivision (b).[8] The holding in *Olen* was codified in subdivision (b)(2), providing that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." (Civ. Code, § 1717, subd. (b)(2).)

In 1987, Civil Code section 1717 was amended to its present form. (Stats. 1987, ch. 1080, § 1, p. 3648.)[9] The definition of "prevailing party" as the party entitled to recover costs was deleted. Civil Code section 1717 now provides that "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." (Civ. Code, § 1717, subd. (b)(1).) The Legislature also added language providing that the trial court " 'may also determine that there is no party prevailing on the contract for purposes of this section.' " (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 873–874 [39 Cal.Rptr.2d 824, 891 P.2d 804].)

However, Civil Code section 1717 does not apply to attorney fees incurred to litigate noncontract causes of action. (*Santisas, supra,* 17 Cal.4th at p. 615.) The *Santisas* court concluded that although a defendant is entitled to an award of costs following a dismissal based on the definition of "prevailing party" provided under section 1032, the trial court may award attorney fees incurred to litigate noncontract causes of action based on the definition of "prevailing party" provided in the parties' contract, or if none, on a common-sense interpretation that requires an assessment of the extent to which each party achieved its litigation objectives. (*Santisas, supra,* 17 Cal.4th at p. 622.)

In *Santisas,* the buyers of a home alleged contract and tort causes of action against the sellers and others. (*Santisas, supra,* 17 Cal.4th at p. 603.) After conducting discovery, the buyers voluntarily dismissed the action with prejudice. (*Ibid.*) The sellers moved to recover their attorney fees as costs under a fee provision in the purchase agreement. (*Id.* at pp. 603–604.) As an initial matter, the *Santisas* court found that the sellers were generally entitled to

---

[8] Subdivision (b), as added to Civil Code section 1717, provided: "(1) The court, upon notice and motion by a party, shall determine who is the prevailing party, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the prevailing party shall be the party who is entitled to recover costs of suit. [¶] (2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." The following was added to subdivision (a) of Civil Code section 1717: "Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit."

[9] All references to "prevailing party" were changed to "party prevailing on the contract." Civil Code section 1717, subdivision (b)(1) states: "The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section."

recover their costs as the prevailing party under section 1032. (*Santisas, supra,* 17 Cal.4th at pp. 605–606.) "Because plaintiffs voluntarily dismissed this action with prejudice, the seller defendants are defendants in whose favor a dismissal has been entered. Accordingly, they are 'prevailing parties' within the meaning of [section 1032], and are 'entitled as a matter of right to recover costs' unless another statute expressly provides otherwise." (*Santisas, supra,* 17 Cal.4th at p. 606.) No statute precluded an award of costs to the sellers. The court further concluded that subdivision (b)(2) of Civil Code section 1717, which provides that there is no prevailing party for the purposes of Civil Code section 1717 following a voluntary dismissal or dismissal pursuant to settlement, barred recovery by the sellers of attorney fees incurred to defend contract claims. (*Santisas, supra,* 17 Cal.4th at p. 617.)

However, the sellers' recovery of attorney fees incurred to defend noncontract claims was not subject to the provisions of Civil Code section 1717. (*Santisas, supra,* 17 Cal.4th at p. 619.) The *Santisas* court declined to find that the sellers were automatically entitled to an award of fees simply because they were the prevailing parties as defined under section 1032. The *Santisas* court approved of the reasoning in *Olen* that "attorney fees should not be awarded *automatically* to parties in whose favor a voluntary dismissal has been entered. In particular, it seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief, or if the plaintiff dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits." (*Santisas, supra,* 17 Cal.4th at p. 621.) "But we do not agree that the only remaining alternative is an inflexible rule denying contractual attorney fees as costs in all voluntary pretrial dismissal cases. Rather, a court may determine whether there is a prevailing party, and if so which party meets that definition, by examining the terms of the contract at issue, including any contractual definition of the term 'prevailing party' and any contractual provision governing payment of attorney fees in the event of dismissal. If, as here, the contract allows the prevailing party to recover attorney fees but does not define 'prevailing party' or expressly either authorize or bar recovery of attorney fees in the event an action is dismissed, a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise. [Citation.]" (*Id.* at pp. 621–622.)

The lease agreement between Chinn and CPLP permits an award of attorney fees in the instant action and does not bar recovery of attorney fees in the event of a dismissal. Therefore, we must remand the issue to allow the trial court to determine whether there is a prevailing party for the purpose of an award of attorney fees based on a pragmatic assessment of the extent to which Chinn and CPLP realized their objectives through the settlement.

*Noticed Motion Procedure Sufficient*

Chinn contends that she was not required to allege the attorney fee provision of the lease agreement or request attorney fees in her complaint to recover contractual attorney fees as costs. We agree that the complaint need not include a prayer for attorney fees, and that due process is satisfied by notice to the opposing party of the motion for attorney fees.

 Section 1033.5 lists items allowed as costs under section 1032, including "[a]ttorney fees authorized by statute, assessed upon motion or on default judgment." (§ 1033.5, former subd. (a)(10), added by Stats. 1986, ch. 377, § 13, p. 1579.) The Legislature's amendment of section 1033.5 in 1990 clarified that contractual attorney fees were to be recovered as an element of costs based upon a noticed motion. (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 370–371 [11 Cal.Rptr.2d 723].) "The comment accompanying the 1990 amendment states: 'The Legislature finds and declares that there is great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto is provided by contract to the prevailing party. It is the intent of the Legislature in enacting this act to confirm that these attorney's fees are costs which are to be awarded only upon noticed motion, except where the parties stipulate otherwise or judgment is entered by default. It is further the intent of the Legislature to vest the Judicial Council with the discretion provided in Section 1034 of the Code of Civil Procedure to adopt procedural guidelines establishing the time for the hearing of these motions, but the Legislature finds and declares that the criteria set forth in Section 870.2 of the California Rules of Court provide a fair and equitable procedure for the motions.' (Stats. 1990, ch. 804, § 2.)" (*Bankes v. Lucas, supra*, 9 Cal.App.4th at p. 371.)

It is now well settled that attorney fees, whether authorized by contract or statute, are recoverable under section 1033.5, subdivision (a)(10) as an element of costs, and rather than claim attorney fees as an element of damages, the proper method to recover attorney fees is as an item of costs awarded upon noticed motion. (*Allstate Ins. Co. v. Loo, supra*, 46 Cal.App.4th at pp. 1797–1798.) Attorney fees based on a contract provision do not need to be demanded in the complaint.

KMR and CPLP cite *Wiley v. Rhodes* (1990) 223 Cal.App.3d 1470, 1474 [273 Cal.Rptr. 279], in which an award of attorney fees as part of a default judgment was reversed on appeal for lack of a specific prayer for fees in the complaint. However, the due process considerations involved in a default judgment do not apply in this case. Due process is satisfied by a noticed motion for attorney fees, duly served on the opposing party.

*Motion for an Entitlement to Fees*

██ Chinn contends that she may request a determination as to whether she is entitled to recover attorney fees, without requesting an amount of attorney fees or providing evidence of the attorney fees incurred in the prosecution of the case in connection with her motion. Chinn is correct.

In civil cases, California Rules of Court, rule 3.1702 applies to claims for statutory attorney fees and attorney fees provided for in a contract. Rule 3.1702(a) provides in pertinent part: "Subdivisions (b) and (c) apply when the court determines entitlement to [attorney] fees, the amount of the fees, or both, whether the court makes that determination because the statute or contract refers to 'reasonable' fees, because it requires a determination of the prevailing party, or for other reasons." Rule 3.1702 provides for the trial court to make a determination of the prevailing party, which is the determination that Chinn was seeking in her motion, and permits the court to make a determination solely as to entitlement or in conjunction with a determination as to the amount of the fees. Rule 3.1702(b)(1) provides: "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108." Although there does not appear to be any prohibition against the motion that Chinn filed, the time limits for filing a motion for an award of attorney fees would not be altered by filing a motion for an entitlement to fees.

CPLP was the only defendant who was a party to the lease agreement. We have determined that the lease provision was broad enough to support attorney fees in this case and a motion seeking a determination as to whether Chinn was the prevailing party for the purpose of an award of attorney fees as against CPLP was allowable. Therefore, we reverse the judgment denying the motion as to CPLP to allow the trial court to exercise its discretion to determine whether either party prevailed for the purpose of an award of attorney fees. Whether Chinn would have been able to file a timely motion for an award of attorney fees if the trial court had granted her motion to be deemed the prevailing party is not before us.

*Costs Pursuant to Section 998*

Chinn contends she received a more favorable award from the settlement agreement than the unsuccessful section 998 offers she made in March 2006 to KMR and CPLP. Therefore, she contends that the trial court abused its discretion by denying her costs under section 998, including expert witness fees and prejudgment interest. We disagree.

Section 998 provides in pertinent part: "(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this

section. [¶] (b) Not less than 10 days prior to commencement of trial or arbitration . . . of a dispute to be resolved by arbitration, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. . . . [¶] . . . [¶] (d) If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment or award in any action or proceeding other than an eminent domain action, the court or arbitrator, in its discretion, may require the defendant to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the plaintiff, in addition to plaintiff's costs."

 A voluntary dismissal with prejudice is a judgment for the purposes of section 998. (*Goodstein v. Bank of San Pedro, supra*, 27 Cal.App.4th at pp. 905–906 [holding that a § 998 offer requiring plaintiff to enter a voluntary dismissal with prejudice met the statutory requirement that the offer allow judgment to be taken in accordance with the terms of the offer].) The *Goodstein* court observed that " 'Judgment' is defined in Code of Civil Procedure section 577 as 'the final determination of the rights of the parties in an action or proceeding.' " (*Goodstein v. Bank of San Pedro, supra*, 27 Cal.App.4th at p. 905.) The court held that the word "judgment" in section 998 included an offer to compromise which would result in the final disposition of the underlying lawsuit if accepted. (*Goodstein v. Bank of San Pedro, supra*, 27 Cal.App.4th at p. 906.)

We review a trial court's determination as to whether the plaintiff obtained a more favorable judgment under an abuse of discretion standard. (*Arias v. Katella Townhouse Homeowners Assn., Inc.* (2005) 127 Cal.App.4th 847, 854 [26 Cal.Rptr.3d 113].)

In this case, the trial court did not abuse its discretion by declining to award costs to Chinn under section 998. The payment of $23,500 by KMR and CPLP in exchange for Chinn's dismissal of her entire action, which eliminated KMR's and CPLP's liability for indemnification as to Grimes, was arguably a more favorable judgment for KMR and CPLP than Chinn's 998 offers to accept $10,000 from KMR, $10,000 from CPLP, and $17,000 from Grimes.[10] Under these circumstances, the trial court did not abuse its discretion.

---

[10] Chinn contends defendants can make unfair tactical use of section 998 through offers that are contingent on the dismissal of nonsettling defendants, if the nonsettling defendants are considered prevailing parties for purposes of an award of costs and attorney fees. However, Chinn accepted KMR and CPLP's settlement offer and there were no penalties imposed pursuant to section 998 in this case. Therefore, whether a settlement offer that requires the

## DISPOSITION

The portion of the judgment denying Chinn's motion for entitlement to attorney fees as against CPLP is reversed and remanded. In all other respects, the judgment is affirmed. The parties are to bear their own costs on appeal.

Turner, P. J., and Mosk, J., concurred.

A petition for a rehearing was denied September 10, 2008, and appellant's petition for review by the Supreme Court was denied November 12, 2008, S167138. Kennard, J., was of the opinion that the petition should be granted.

plaintiff to dismiss a nonsettling defendant without providing for the nonsettling defendant's costs is valid under section 998 is not at issue in this case.