Filed 3/18/15  Portugal v.  Sewer and Pipeline Contractor CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JORGE PORTUGAL, | B251730 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC480752) |
| v. | |
| SEWER AND PIPELINE CONTRACTOR, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michelle R. Rosenblatt, Judge.  Affirmed and remanded.

Law Offices of Francisco Javier Aldana and Francisco J. Aldana for Defendants and Appellants.

Law Offices of Lisa L. Maki and Lisa L. Maki for Plaintiff and Respondent.

————————

Jorge Portugal filed a lawsuit against his former employer, alleging Labor Code violations and wrongful termination that settled for $20,000 after which the trial court awarded Portugal's attorney $162,434.25 in fees pursuant to Labor Code section former 218.5, and sections 226, subdivision (e), and 1194.[1]  Although the trial court relied upon Code of Civil Procedure section 1032, subdivision (a)(4) to conclude that Portugal was the prevailing party for purposes of awarding costs, the trial court's attorney fees award is based upon a finding that statutory fees were recoverable under the Labor Code.  We affirm the order granting Portugal's motion for attorney fees because the settlement agreement cannot reasonably be interpreted to exclude recovery of attorney fees.

FACTUAL AND PROCEDURAL BACKGROUND

Portugal worked for Sewer and Pipeline Contractor, Mr. Sewer Rooter, Inc., doing business as Mr. Sewer Inc., and Sewer Crew Inc. (the Company).  He allegedly discussed the Company's failure to pay wages and various other Labor Code violations with his coworkers.  Portugal was terminated the day after he submitted the workers' petition to the Company demanding overtime pay and weekly paychecks indicating the hours worked.

1.  *Complaint, the 998 Offer, Settlement, Dismissal*

Portugal filed an individual action against the Company, Manuel Chamul, and Delmy Plama (collectively, Employer), asserting Labor Code violations for nonpayment of wages, failure to pay minimum wages and overtime compensation, rest and meal period violations, and failure to provide itemized wage statements.  In addition, Portugal alleged a cause of action for wrongful termination in violation of public policy.

After a year of litigating this action, Employer made a statutory offer to compromise pursuant to Code of Civil Procedure section 998, "to settle and compromise the above-entitled action by Defendants' payment to Plaintiff Jorge Portugal of the total sum of twenty thousand dollars ($20,000.00) in exchange for Plaintiff Jorge Portugal's delivery of a properly executed Request for Dismissal with prejudice of the entire action"

---

[1]  All undesignated code sections refer to the Labor Code.

(the 998 Offer). The 998 Offer contained no specific designation of how much of that amount was attributed to Portugal's claims for Labor Code violations and was silent as to attorney fees and costs.

Portugal accepted the 998 Offer. In conformity with the terms of the 998 Offer, Portugal filed a request for dismissal of the entire action with prejudice on February 20, 2013. The record indicates the clerk entered the dismissal. Thereafter, Portugal sought costs and statutory attorney fees.[2]

2. *Motion for Attorney Fees*

Portugal's attorneys filed a motion seeking $202,882.50 in attorney fees. In the notice of motion, the statutory basis for attorney fees was former section 226.7, subdivision (b)[3] and section 1194.[4] Portugal argued in his memorandum of points and

---

[2] There is no necessity for a proposed judgment before an award of costs after a plaintiff's voluntary dismissal. (*Fries v. Rite Aid Corp.* (2009) 173 Cal.App.4th 182, 185-188.) California Rules of Court, rule 3.1700 provides in relevant part: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." (Cal. Rules of Court, rule 3.1700(a)(1).)

[3] Former section 226.7, subdivision (b), applicable at the time of these proceedings, provided: "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Attorney fees are not recoverable under the statute. "[S]ection 226.7 claims [are] governed by the default American rule that each side must cover its own attorney's fees." (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1259 [predating amendments to section 226.7, effective Jan. 1, 2014, adding "recovery period" to meal and rest periods and redesignating subd. (b)].)

[4] Section 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

3

authorities that there were several other statutory bases to award attorney fees, including former section 218.5,[5] and section 226, subdivisions (e) and former (g).[6]

Portugal asserted in the attorney fees motion that he was the prevailing party on his Labor Code violation claims, having obtained a "net monetary recovery" based upon the $20,000 compromise settlement. Employer disagreed.

Employer opposed the motion on several grounds. Those grounds relevant to this appeal were: (1) Portugal's counsel knew that the 998 Offer intended to settle the entire action, including any claim for attorney fees; (2) Employer was the prevailing party because a dismissal was entered in its favor; or (3) there was no prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4) because the case was dismissed after settlement and no judgment was entered under Code of Civil Procedure section 1033.

The trial court rejected Employer's arguments and determined that Portugal was the prevailing party, granted the motion based upon a finding that attorney fees were authorized under the Labor Code, and awarded attorney fees in the amount of

---

[5] Former section 218.5 provided in pertinent part: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon initiation of the action. . . . [¶] This section does not apply to any action for which attorney's fees are recoverable under Section 1194." Amendments effective January 1, 2014 are not pertinent to our analysis.

[6] Section 226, subdivision (e)(1) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) [itemized wage statement] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Subdivision (g) of section 226 was redesignated as subdivision (h) in amendments that were effective January 1, 2012. Section 226, subdivision (h) provides: "An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

4

$162,434.25. In making that determination, the trial court relied, in part, on the definition of prevailing party in Code of Civil Procedure section 1032, subdivision (a)(4) insofar as Portugal received $20,000, which qualified as a "net monetary recovery." The trial court acknowledged that Employer also met the definition of a prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4), having obtained a dismissal of the action, but exercised its discretion to conclude that "under the facts presented in this case, Plaintiff is the prevailing party."[7] In awarding attorney fees, the trial court made a finding that fees were authorized pursuant to the Labor Code, citing former section 218.5, and sections 226, subdivision (e), and 1194.[8]

This timely appeal followed after Employer's motion for reconsideration was denied on procedural grounds.

## DISCUSSION

1. *Standard of Review*

Ordinarily, we review the trial court's determination of the prevailing party for purposes of awarding attorney fees for an abuse of discretion. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.) A determination of the legal basis for an award of attorney fees is a question of law that we independently review. (*Ibid.*; see also *Kirby v. Immoos Fire Protection, Inc.*, *supra*, 53 Cal.4th at pp. 1250-1251.) Here, the resolution of the issues raised on appeal is a de novo review because we address the criteria for an award of attorney fees under the Labor Code.

"The most fundamental rule of appellate review is that a judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "We do not review the trial court's reasoning, but rather its ruling. A trial

---

[7] The trial court also awarded Portugal costs. That ruling is not challenged on appeal.

[8] Because we affirm the trial court's order awarding attorney fees pursuant to section 1194, we need not address the other statutory bases upon which the trial court granted the attorney fees motion.

court's order is affirmed if correct on any theory, even if the trial court's reasoning was not correct." (*J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.* (1997) 59 Cal.App.4th 6, 15-16.)

2. *Attorney Fees are Recoverable Under the 998 Offer*

Employer contends that Portugal is not entitled to attorney fees because the 998 Offer did not contemplate the recovery of attorney fees and costs as part of the settlement. A Code of Civil Procedure section 998 offer is a settlement agreement, which is regarded as a contract. (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 184 (*Chinn*).) A section 998 offer that is silent on the issue of attorney fees and costs cannot reasonably be interpreted to exclude recovery of costs to the prevailing party, and if authorized by statute or contract, attorney fees. (*Chinn*, at pp. 184-185; see also *Wohlgemuth v. Caterpillar, Inc.* (2012) 207 Cal.App.4th 1252, 1259 (*Wohlgemuth*).)

We also reject Employer's argument that Portugal is not entitled to attorney fees because a voluntary dismissal with prejudice as part of a compromise agreement cannot qualify as a "judgment" within the meaning of Code of Civil Procedure section 998. (See *On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1084-1085; *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 906.) "The word 'judgment' in Code of Civil Procedure section 998 indicates the statute contemplates that an offer to compromise which is accepted will result in the final disposition of the underlying lawsuit; the statute does not indicate any intent to limit the terms of the compromise settlement or the type of final disposition. The acceptance of . . . [a] compromise agreement calling for a voluntary dismissal with prejudice would have finally disposed of the complaint as effectively (see Code Civ. Proc., § 581d) as one calling for entry of judgment in favor of plaintiff." (*Goodstein*, at p. 906.) Thus, the trial court correctly concluded that Portugal was entitled to file a motion for reasonable attorney fees.

3. *Attorney Fees Recovery is Governed by the Labor Code Fee-Shifting Statutes*

Employer contends the trial court abused its discretion in determining that Portugal was entitled to recover attorney fees under the Labor Code because he was not

the prevailing party, as the compromise settlement did not achieve his litigation objectives.

a. *Legal Principles for Recovery of Section 1194 Attorney Fees*

Under the Code of Civil Procedure, general entitlement to attorney fees is governed by section 1032, which provides in part, "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) The litigation costs that the prevailing party may recover include attorney fees when recovery of such fees is authorized by contract, statute, or law. (Code Civ. Proc., § 1033.5, subd. (a)(10).)

Code of Civil Procedure section 1032, subdivision (a)(4) defines four specific categories of prevailing parties. A prevailing party includes "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (Code Civ. Proc., § 1032, subd. (a)(4).) Generally, when a party falls within one of the four specific categories in Code of Civil Procedure section 1032, subdivision (a)(4), that party is the prevailing party and is entitled to costs as a matter of right. In situations other than as specified, the prevailing party shall be determined by the court, and under those circumstances the court in its discretion may allow costs or not. (Code Civ. Proc., § 1032, subd. (a)(4).)

As applicable here, attorney fees are authorized under section 1194. Section 1194 is a unilateral or nonreciprocal attorney fee provision in favor of employee-plaintiffs who are successful in a civil action to recover unpaid minimum wages or overtime compensation. (*Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1426-1431.) "[T]he one-way fee-shifting rule in section 1194 was meant to 'encourage injured parties to seek redress—and thus simultaneously enforce [the minimum wage and overtime laws]—in situations where they otherwise would not find it economical to sue.' [Citation.]" (*Id*. at pp. 1430-1431.)

7

b. *The Trial Court Did Not Err in Awarding Attorney Fees*

Although Employer contends it was the prevailing party as defined in the Code of Civil Procedure, the trial court exercised its discretion to determine the prevailing party. Here, the trial court also concluded that Portugal fell into one of the four specific categories because he obtained $20,000 in settlement that the court considered a "net monetary recovery."

In *Chinn*, the court concluded that "[c]onstruing the term 'net monetary recovery' in context . . . the Legislature did not intend to include settlement proceeds received by the plaintiff in exchange for a dismissal in favor of the defendant." (*Chinn*, *supra*, 166 Cal.App.4th at p. 188.) In so holding, the *Chinn* court disagreed with dicta in O*n-Line Power, Inc. v. Mazur*, *supra*, 149 Cal.App.4th at page 1087, stating that under circumstances when a plaintiff claims prevailing party status based on a settlement payment pursuant to a Code of Civil Procedure section 998 offer, and a defendant claims to be a prevailing party based on a dismissal in its favor, the statute contemplated a fifth option in which the trial court could exercise its discretion to determine the prevailing party. (*Chinn*, *supra*, at pp. 189-190.)

The issue of whether settlement proceeds received by a plaintiff in exchange for a dismissal in favor of the defendant can be considered a "net monetary recovery" is currently pending before the California Supreme Court.[9] We need not resolve this issue because the trial court awarded attorney fees under the Labor Code.

Section 1194 authorizes an award of attorney fees to a successful plaintiff/employee in a civil action brought to recover unpaid minimum wages and

---

[9] The California Supreme Court has granted review to address the following issue: "When plaintiff dismissed her action in exchange for the defendant's payment of a monetary settlement, was she the prevailing party for purposes of an award of costs under Code of Civil Procedure section 1032, subdivision (a)(4), because she was 'the party with a net monetary recovery,' or was defendant the prevailing party because it was 'a defendant in whose favor a dismissal was entered'?" (*deSaulles v. Community Hospital of the Monterey Peninsula* (2014) 225 Cal.App.4th 1427, review granted July 23, 2014, No. S219236.)

8

overtime compensation. (See *Sampson v. Parking Service 2000 Com., Inc.* (2004) 117 Cal.App.4th 212, 221; *Earley v. Superior Court*, *supra*, 79 Cal.App.4th at pp. 1426-1430.) This one-way fee shifting provision does not define a "prevailing party" employee. When a fee-shifting statute does not define "prevailing party," the court simply takes a pragmatic approach to determine which party succeeded on a practical level, by considering the extent to which each party realized its litigation objectives. (See *Wohlgemuth*, *supra*, 207 Cal.App.4th at p. 1264; see also *Santisas v. Goodin* (1998) 17 Cal.4th 599, 609, 621-622 [adopting practical approach of assessing litigation objectives in attorney fees motion filed after voluntary pretrial dismissal of tort claims when the contractual term "prevailing party" was not defined].)

In this case, the trial court made a finding that attorney fees were authorized under section 1194. In making that finding, the trial court necessarily determined that Portugal achieved his litigation objectives through settlement.

At oral argument, Employer contended that in order to recover attorney fees under section 1194, there must be a finding of liability or a decision on the merits. This is contrary to the plain language of section 1194. Thus, Employer's citation to *Doran v. North State Grocery, Inc.* (2006) 137 Cal.App.4th 484 to support this argument is inapposite. Unlike section 1194, the plain language of the attorney fees provision at issue in *Doran* required a finding that the defendant denied the plaintiff rights under the Unruh Civil Rights Act (Civ. Code, § 51). (*Doran*, at pp. 488-491.) Civil Code section 52, subdivision (a), provides that only one who "denies, aids, or incites a denial, or makes any discrimination or distinction contrary" to the Unruh Civil Rights Act is liable for attorney fees. (See *Doran*, *supra*, at pp. 488-491.) Because the parties entered into a compromise settlement for $10,000 that was silent on whether the defendant had denied the plaintiff any rights guaranteed by the Unruh Civil Rights Act, the award of attorney fees in favor of the plaintiff was reversed because no such finding of liability was possible after settlement. (*Id.* at pp. 491-493.)

Additionally, we reject Employer's argument that Portugal's voluntary dismissal pursuant to a compromise settlement precludes him from obtaining attorney fees under

section 1194.  (See *Harrington v. Payroll Entertainment Services, Inc.* (2008) 160 Cal.App.4th 589, 593-594 [following settlement, plaintiff entitled to an award of attorney fees as a matter of right under §§ 1194, subd. (a), 226, subd. (e) & 2699, subd. (g)(1)]; see also *On-Line Power, Inc. v. Mazur*, *supra*, 149 Cal.App.4th at p. 1087 [following settlement, case remanded to determine attorney fees under Labor Code].)  The statutory language in section 1194 does not affirmatively bar attorney fees recovery where a civil action is dismissed pursuant to a settlement.  (See contra, Civ. Code, § 1717, subd. (b)(2) [no attorney fees recovery in a contract action "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case"].)  The trial court did not err in awarding Portugal attorney fees under section 1194.

DISPOSITION

The order granting Portugal's attorney fees motion is affirmed.  Pursuant to section 1194, Portugal shall recover attorney fees and costs on appeal, in an amount to be determined by the trial court on remand.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


EDMON, P. J.


LAVIN, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.