Opinion
ALARCON, J.
The plaintiffs have appealed from an order of dismissal following an order of the trial court sustaining a demurrer to the complaint without leave to amend.

The Pleading

The plaintiffs alleged in their complaint for “retroactive rent abatement” that on or about April 18, 1974, they leased a residence from the defendant by written agreement on a month-to-month basis for a rental payment of $160 per month. The complaint states that in leasing the premises the defendant impliedly warranted that the premises were habitable and fit for residential use and that the plaintiffs relied upon such warranty. Pursuant to the lease agreement plaintiffs took possession of the premises on or about April 22, 1974, and remained in occupancy until on or about March 31, 1975. The complaint further alleges that commencing “at the time the lease was entered into and throughout the time plaintiffs occupied the apartment, defendant knowingly neglected and failed to maintain said premises in a habitable condition, to wit, said premises were infested with various vermin, including but not limited to cockroaches, and certain plumbing facilities were not in proper working condition, including but not limited to the bathroom facilities.”
The pleading alleges that the defendant knew of the existence of such conditions in violation of state and local housing codes and failed to remedy or repair them despite the plaintiffs’ repeated requests. As a result of these conditions the premises were unsafe, unhealthy and *Supp. 5 substantially uninhabitable. It is further alleged that the failure and refusal of the defendant to repair the premises constituted a breach of the implied warranty of habitability. Because of the continued existence of these conditions plaintiffs were unable to remain in the premises. Plaintiffs moved out on March 31, 1975. Plaintiffs alleged that the condition of the premises reduced the fair rental value to “eighty dollars ($80.00), if anything, a month.”
Based on these allegations, plaintiffs prayed for damages for the alleged overpayment of rent in the amount of $910. A second cause of action is set forth in the complaint which incorporates the foregoing allegation and prays for damages for discomfort and annoyance in the amount of $3,000.
The trial court sustained the demurrer to each cause of action and filed a memorandum setting forth its reasons. In essence, the trial court determined that a breach of the implied warranty of habitability may only be raised as a defense in an unlawful detainer action and cannot be relied upon to establish a cause of action against a landlord.

Issue on Appeal

Appellants contend that a breach of implied warranty of habitability gives rise to an affirmative cause of action for damages including retroactive rent abatement. Respondent landlord argues that as a matter of public policy a tenant should be required to seek his remedy for a breach of implied warranty while he is a tenant.

Discussion

In the case of Hinson v. Delis (1972) 26 Cal.App.3d 62 [102 Cal.Rptr. 661] the court held that a warrant of habitability is implied by law in residential leases. In Hinson the tenant withheld the payment of rent until the landlord finally heeded his complaints and repaired a number of defects in the premises. The landlord brought an unlawful detainer action to recover the amount of rental payments which were withheld. The tenant filed an action for declaratory relief to determine whether a tenant is obligated to pay full rent where the landlord has failed to comply with the housing codes. The trial court in Hinson held that although the evidence showed the presence of substantial defects in the premises a “tenant had no legal or equitable right to unilaterally withhold rent” (26 Cal.App.3d at p. 66). The Court of Appeal held that *Supp. 6 the tenant, while not absolved from all liability for the payment of rent, was required to pay only the reasonable rental value of the premises for such time as.the defective condition persisted (26 Cal.App.3d at p. 70).
In Green v. Superior Court (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168], the California Supreme Court approved of the decision in the Hinson case and held that breach of the implied warranty of habitability could be raised as a defense in an unlawful detainer action.
There is no published opinion of any California appellate court concerning the question of whether a tenant may bring an action for damages for rent paid while he was in possession of defective residential premises.[1] There is, however, case authority for the maintenance of a cause of action by a tenant for a breach of the implied warranty of habitability in other jurisdictions. In fact, the California Supreme Court refers us to some of these decisions in footnote 1 of the Green case, (10 Cal.3d at p. 619).
In Lemle v. Breeden (1969) 51 Hawaii 426 [462 P.2d 470, 40 A.L.R.3d 637], the Hawaiian Supreme Court affirmed a judgment awarding the plaintiff-tenant damages in an action brought to recover deposit and rent payment. The complaint sought recovery based on constructive eviction and breach of an implied warrant of habitability. The evidence showed that the tenant occupied the premises without knowledge that the premises were infested with rats. Upon discovery of the condition on the first evening on the day the tenant took possession, the landlord’s rental agent was notified. The tenant and the landlord’s agent were unsuccessful in their efforts to exterminate the rodents. On the third day after occupying the premises the tenant vacated the dwelling after notifying the agent of his intention to do so and demanded return of all the money previously paid.
The Hawaiian Supreme Court abandoned the common law principle that a lessee of land took possession subject to the doctrine of caveat emptor as to any condition which could have been discovered by inspection prior to occupancy. Instead, the court adopted the theory, borrowed from the law of sales of chattels, that in a lease of premises the landlord impliedly warrants suitability and fitness.
*Supp. 7 Other states which have applied the doctrine of implied warranty to actions brought by tenants for the recovery of rent include Wisconsin (Pines v. Perssion (1961) 14 Wis.2d 590 [111 N.W.2d 409]); Massachusetts (McKenna v. Begin (1975) — Mass. — [325 N.E.2d 587]); Iowa (Mease v. Fox (Iowa 1972) [200 N.W.2d 791]); New Jersey (Berzito v. Gambino (1973) 63 N.J. 460 [308 A.2d 17]); and New Hampshire (Kline v. Burns (1971) 111 N.H. 87 [276 A.2d 248]).
Respondent has urged this court to limit the doctrine of implied warranty of habitability to actions brought by tenants while in possession or who assert this remedy as a defense to an unlawful detainer action. He argues that the assertion of such a cause of action by a tenant after a prolonged delay presents problems of proof. Problems of proof are present in any case filed two years after the operative facts have occurred. However, if a complaint states a cause of action arising within the applicable statute of limitations, demurrer is an inapplicable remedy.
The effect of our opinion in this matter is to recognize that the doctrine of implied warranty already applied by our higher courts to the contractual relationship created by the lease of a dwelling will support an independent cause of action for damages. The relevant requirements for pleading and proof of a cause of action for breach of implied warranty of fitness and merchantability should be applied to a rental agreement with appropriate modifications. (See Pollard v. Saxe & Yolles Dev. Co. (1974) 12 Cal.3d 374, 377-378 [115 Cal.Rptr. 648, 525 P.2d 88].) A cause of action for breach of an implied warranty of inhabitability should allege facts which show the following:
One. The existence of a materially defective condition affecting habitability. (See Hinson v. Delis, supra, 26 Cal.App.3d 62, 70.)[2]
Two. The defective condition was unknown to the tenant at the time of occupancy. (See Pollard v. Saxe & Yolles Dev. Co., supra, 12 Cal.3d 374, 379.)
*Supp. 8 Three. The effect on habitability of the defective condition was not apparent upon a reasonable inspection. (See Square Deal Mach. Co. v. Garrett Corp. (1954) 128 Cal.App.2d 286, 290-292 [275 P.2d 46, 52 A.L.R.2d 893].)
Four. Notice was given to the landlord within a reasonable time after the tenant discovered or should have discovered the breach of warranty. (See Pollard v. Saxe & Yolles Dev. Co., supra, 12 Cal.3d 374, 380.)
Five. The landlord was given a reasonable time to correct the defect while the defendant remained in possession. (See Pollard v. Saxe & Yolles Dev. Co., supra, 12 Cal.3d 374, 380; see also Hinson v. Delis (1972) 26 Cal.App.3d 62, 70 [102 Cal.Rptr. 661].)
Damages for a breach of implied warranty of habitability should be limited to a refund of an amount which reflects the difference between the rent paid during the duration of the unfit condition and the rent which would have been reasonable, taking into account the extent to which the rental value of the property was reduced by virtue of the existence of the defect.

Res Judicata

Respondent contends that on June 25, 1975, he filed suit in small claims court against the tenants, seeking $106.35 for rent from April 1 to April 13, 1975, plus property damage. The trial court took judicial notice of such lawsuit in the municipal court action below. Judgment in the small claims action was awarded to the landlord in the sum of $69.04 plus costs.
Respondent contends that the judgment for landlord in the small claims action necessarily resolved the issue of the reasonableness of the rental price and tenant’s liability therefor. However, California decisions are to the contrary.
The trial court, in the ruling on demurrer, correctly concluded:
“However, none of the Court’s records pertinent to such Small Claims action discloses whether said judgment was for rent alone, for property *Supp. 9 damages alone, or for a combination of the two. Assuming that rental at the rate of $170.00 per month served as the basis for any rental calculation made by the Court and assuming further that no error was made in the computation, it is to be noted that the foregoing sum of $69.04 could not represent damages for rental alone.
“By reason of the foregoing the principal case falls within the perimeters of Stout v. Pearson (1940) 180 Cal.App. (2) 211, and neither the principle of res judicata , nor collateral estoppel will lie to defeat plaintiffs’ claim.” (See also Thompson v. Quan (1959) 167 Cal.App.2d Supp. 825 [334 P.2d 1074]; Sanderson v. Niemann (1941) 17 Cal.2d 563 [110 P.2d 1025].)

Second Cause of Action for Discomfort and Annoyance

Plaintiffs allege in the second cause of action of their complaint that by reason of the breach of implied warranty of habitability, they suffered discomfort and annoyance, to their detriment in the amount of $3,000.
In support of this cause of action, appellants cite cases allowing recovery for discomfort and annoyance suffered by occupants of land, regardless of whether they also suffered physical injury. However, those cases involve actions sounding in tort, for trespass or nuisance. No authority has been cited to us, and we know of none, allowing such recovery in an action for breach of an implied warranty in a contract.
While it is true that “[a]n act that constitutes a breach of contract may also be tortious. . .” (Acadia, California, Ltd. v. Herbert (1960) 54 Cal.2d 328, 336 [5 Cal.Rptr. 686, 353 P.2d 294]), the plaintiffs here did not bring an action sounding in tort, but sued rather for breach of contract.
Therefore, the order sustaining the demurrer as to this cause of action was proper.

Conclusion

The order of dismissal is affirmed as to the second cause of action of plaintiffs’ complaint.
*Supp. 10 The order is reversed with respect to plaintiffs’ first cause of action for retroactive rent abatement, and the court is directed to allow defendant a reasonable period of time to answer the first cause of action.
Appellants to recover costs on appeal.
Cole, P. J., and Wenke, J., concurred.

 Candor requires us to disclose that we are aware that this issue was presented to Division Three of the Court of Appeal for the Second District in 1972. For reasons not apparent to us the opinion was not published. The opinion is cited in Hluchan, Publish or Perish: The Destiny of Appellate Opinions in California, 13 Santa Clara Law. 756.

 Some of the criteria for determining materiality were discussed in Hinson, supra, on page 70, where the court said: “In considering the materiality of an alleged breach, both the seriousness of the claimed defect and the length of time for which it persists are relevant factors. Minor housing code violations standing alone which do not affect habitability must be considered de minimis and will not entitle the tenant to reduction in rent; and likewise, the violation must be relevant and affect the tenant’s apartment or the common areas which he uses.”