Filed 8/28/14  Old CFI v. Case Financial CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| OLD CFI, INC., | B251404 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC391485) |
| v. | |
| CASE FINANCIAL, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County,

Kevin C. Brazile, Judge.  Affirmed.

Gladych & Associates, Inc. and John A. Gladych for Defendants and Appellants.

Law Office of Nick A. Alden and Nick A. Alden for Plaintiff and Respondent.

Old CFI (Old CFI) sued Case Financial, Inc. (Case) and Case Capital Corporation, a subsidiary of Case (collectively, the Case defendants), on both contract and tort claims. The court compelled arbitration with respect to the contract claim, and Old CFI voluntarily dismissed the tort claims on the eve of trial. The Case defendants moved for the attorney's fees they incurred defending against the tort claims, and the trial court denied the motion.

On appeal, the Case defendants argue that the tort claims were "related to" the parties' contract which contained a broad attorney's fee provision, and, therefore, the Case defendants were entitled to recover the fees they had incurred defending against those claims. The trial court found that the tort claims were not "related to" that contract, and we agree. Therefore, we affirm the order denying the motion for attorney's fees.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Old CFI was previously in the business of providing loans to plaintiffs and their attorneys in personal injury cases. In March 2002, Case acquired certain assets from Old CFI and issued more than two million shares of its common stock to Old CFI in exchange. Case also entered into a "Services Agreement" with Old CFI whereby Case agreed to liquidate Old CFI's assets in exchange for a fee. The Services Agreement provided that, "[i]n the event of suit, arbitration or other proceeding between the parties hereto with respect to this Agreement, the prevailing party shall . . . be entitled to reasonable attorney['s] fees . . . ."

2

In May 2008, Old CFI sued the Case defendants for breach of the Services Agreement based on Case's alleged failure to pay Old CFI any of the funds collected from the liquidation of Old CFI's assets. The complaint also contained causes of action for breach of fiduciary duty and "conspiracy to embezzle property" alleging that Case's officers had embezzled shares of stock from Old CFI.

The Case defendants successfully petitioned the trial court to compel arbitration as to the breach of contract cause of action pursuant to an arbitration clause in the Services Agreement. The arbitrator dismissed the matter with prejudice and awarded the Case defendants their fees and costs. The trial court then granted Old CFI's motion to vacate the award. The Case defendants appealed, and we reversed the order vacating the award.[1] On remand, the trial court confirmed the award, and granted Old CFI leave to amend its complaint with respect to the tort claims.

In September 2012, Old CFI filed an amended complaint for breach of fiduciary duty, conspiracy to embezzle property, and conversion. The breach of fiduciary duty cause of action was alleged against Case, Michael Schaffer, Lawrence Schaffer, and Samuel Schwartz.[2] Michael and Lawrence were alleged to be executives of Case and Case Capital, and Samuel Schwartz was alleged to be the CEO of Old CFI.

---

[1]     *Old CFI, Inc. v. Case Financial, Inc.* (B227489; filed on July 29, 2011) [nonpub. opn.].

[2]     For simplicity and clarity, we refer to Michael and Lawrence Schaffer by their first names. We intend no disrespect or undue familiarity.

The amended complaint alleged that, after Case issued shares of its common stock to Old CFI, Schwartz conspired with Michael and Lawrence to transfer those shares back to Case without the knowledge of Old CFI's board of directors and without receiving any consideration in return. The cause of action for breach of fiduciary duty alleged that Michael and Lawrence, in their capacity as Case officers, owed a fiduciary duty to Old CFI arising from Old CFI's ownership of Case shares. Michael and Lawrence allegedly breached that duty by conspiring with Schwartz to "embezzle" the shares.

Schwartz, in his capacity as Old CFI's CEO, was alleged to have breached his fiduciary duty to Old CFI on two grounds: (1) he "fraudulently embezzled the [s]hares"; *and* (2) he "knew that [Case] was breaching the Service[s] Agreement by failing to deposit into O[ld] CFI's bank account all the monies collected from the Portfolio of O[ld] CFI, but did absolutely nothing about it." The causes of action for conspiracy and conversion alleged that Schwartz, Michael and Lawrence had embezzled or "converted" the shares.

In April 2013, at Old CFI's request, the court dismissed the case without prejudice. The Case defendants filed a motion for the attorney's fees they incurred defending against the tort claims based on the Services Agreement's attorney's fee provision. Old CFI opposed the motion on the ground that the tort claims did not relate to the Services Agreement, among other arguments.

The trial court found that the attorney's fees provision in the Services Agreement was "broad enough to encompass tort claims 'relating to' the Services Agreement."

4

However, the trial court denied the motion on the ground that the tort claims did not relate to the Services Agreement: "Herein the [torts] . . . involve the improper transfers, embezzlement and misappropriation of 2 million shares of common stock in Case Financial[]. . . . These [] torts are independent of the Services Agreement, which only involved the collection of monies receivable from O[ld] CFI's portfolio of loans." The Case defendants timely appealed.

### *CONTENTIONS*

The Case defendants contend that the trial court erred in finding that Old CFI's tort claims did not "relate to" the Services Agreement.

### *DISCUSSION*

"Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." (Code Civ. Proc., § 1021.) Attorney fees which are authorized by contract, statute, or law are "allowable as costs under [Code of Civil Procedure] Section 1032" (Code Civ. Proc., § 1033.5, subd. (a)(10)), and awarded to the prevailing party (Code Civ. Proc., § 1032, subd. (a)(4)).

If a contractual attorney's fee provision is phrased broadly enough, the prevailing party in a dispute may recover attorney's fees in connection with noncontractual or tort claims. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.) For example, courts have held that an attorney's fee provision that provides for fees in any action *arising from* or *relating to* the contract is broad enough to encompass recovery of attorney's fees for tort claims. (*Id.* at p. 603 [holding that a provision authorizing fees in any legal action

5

" 'arising out of the execution of the contract' " was broad enough to encompass tort claims]; *Moallem v. Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1831 [holding that a provision authorizing fees in "any 'legal action . . . relating to' the contract" was broad enough to encompass tort claims].)

Here, the trial court correctly found that the attorney's fee provision in the Services Agreement was broad enough to encompass tort claims "relating to" the Services Agreement. The attorney's fee provision in the Services Agreement provided for the recovery of fees in any "suit . . . with respect to this Agreement" and, as the trial court pointed out, "with respect to" is synonymous with "relating to." Multiple courts have held that attorney's fee provisions authorizing fees in actions "relating to" the contract are broad enough to encompass tort claims. (See *Moallem v. Coldwell Banker Com. Group, Inc., supra,* 25 Cal.App.4th at p. 1831; *Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1798-1799.) Old CFI does not contend to the contrary.

The Case defendants contend that, as the prevailing parties in this action, they should have been awarded the attorney's fees they incurred in defending against the tort claims.[3] According to the Case defendants, the tort claims *related to* the Services Agreement because the breach of fiduciary duty cause of action alleged that Case had breached the Services Agreement, and the other two tort causes of action incorporated this allegation.

---

[3]     Old CFI disputes that the Case defendants were the prevailing parties in this action, however, we need not reach this argument as we find that there were no grounds for awarding fees connected with the tort claims.

With respect to the breach of fiduciary duty cause of action, the only allegation that directly references the Services Agreement states that *Schwartz* breached his fiduciary duty to Old CFI because he "knew that [Case] was breaching the Services Agreement . . . but did absolutely nothing about it." It cannot be reasonably inferred from this allegation that the other defendants breached their fiduciary duties through Schwartz's failure to act.

Although there were no express allegations as to how Case was liable for breach of fiduciary duty (and Case Capital is not named as a defendant to this cause of action), it is reasonable to infer that Old CFI sought to hold Case liable for its executive officers' actions. However, Michael and Lawrence were only alleged to have breached their fiduciary duty to Old CFI by conspiring with Schwartz to embezzle shares, not by any action or omission with respect to the Services Agreement.

The Case defendants also point to an allegation in the breach of fiduciary duty cause of action stating that "[a]s a result of the breach of fiduciary duties by Defendant[s] [Schwartz], [Michael] and [Lawrence], O[ld] CFI" is owed "interest from the date *the funds were collected.*" Although this allegation appears to refer to the collection of funds from Case's sale of assets under the Services Agreement, this stray reference to the collection of interest cannot be extrapolated to mean that Michael and Lawrence (and indirectly Case) were being sued for breaching a fiduciary duty under the Services Agreement. Considering all of these allegations with respect to Case, the breach of fiduciary duty cause of action was based entirely on Case's officers' alleged

7

conspiracy to embezzle stock from Old CFI and did not relate to the Services Agreement.

With respect to the conspiracy cause of action, it alleged that the defendants had engaged in a conspiracy to embezzle shares from Old CFI and did not make any reference to Case's obligation to sell Old CFI's assets under the Services Agreement. The Case defendants point out that this cause of action incorporated the allegation that Schwartz breached his fiduciary duty by not reporting Case's breach of the Services Agreement. However, as stated above, *Schwartz's* breach of his fiduciary duty to Old CFI cannot be imputed to the other individual defendants or, by extension, to the Case defendants. In addition, that the cause of action merely incorporated a prior reference to Case's breach of the Services Agreement is insufficient to show that the claim was related to that agreement as the cause of action unequivocally alleged that the conspiracy was based on the alleged embezzlement of stock.

As for the conversion claim, it did not incorporate any allegations regarding the Services Agreement, nor did it reference that contract in any way. On these grounds, the tort claims were plainly not related to the Services Agreement and, therefore, the Case defendants have not shown that they are entitled to prevailing-party attorney's fees incurred in the defense of such claims.

8

## DISPOSITION[*]

The order is affirmed.  Old CFI is awarded its costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KLEIN, P. J.

I CONCUR:

ALDRICH, J.

---

[*]    Due to the unavailability of the third member of the panel assigned to hear this matter, this opinion is being filed with the concurrence of the two remaining members of the panel.  (Cal. Const., art. VI, § 3 ["Concurrence of 2 judges present at the argument is necessary for a judgment"]; see, e.g., *People v. Castellano* (1978) 79 Cal.App.3d 844, 862.)