Filed 7/15/16  Stadium Promenade, LLC v. Auld Irisher, Orange, LLC CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STADIUM PROMENADE, LLC, | |
| Plaintiff and Appellant, | G051513 |
| v. | (Super. Ct. No. 30-2011-00516853) |
| AULD IRISHER, ORANGE, LLC, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Jamoa A. Moberly, Judge.  Affirmed in part and reversed in part with directions.

Miller Starr Regalia, Basil S. Shiber and Sara Star for Plaintiff and Appellant.

Alan S. Yockelson for Defendant and Respondent Auld Irisher, Orange, LLC.

No appearance by Defendant and Respondent Terrence Branley.

# INTRODUCTION

Landlord Stadium Promenade, LLC (Stadium), sued tenant Auld Irisher, Orange, LLC (Auld Irisher), for unpaid rent of a lease of restaurant premises. Stadium also sued the lease's two guarantors, Terrence Branley and Eric Johnson, to collect the rent. Auld Irisher, in turn, cross-complained for breach of the lease and nuisance, based in part on allegation of a pervasive smell of sewage that drove customers away. Johnson settled with Stadium, and the case went to trial on the complaint against Auld Irisher and Branley and the cross-complaint against Stadium.

The jury returned a verdict in Stadium's favor on all the contract-based claims, including those in the cross-complaint. It found in Auld Irisher's favor on the tort claim for nuisance. After some adjustments for set-offs and discounts, Auld Irisher came out ahead by about $13,000.

The lease contained an attorney fee provision, and both sides moved for their fees. The trial court denied Stadium's motion and granted Auld Irisher's motion for the fees expended in connection with the nuisance claim. Stadium has appealed from this order.

We affirm in part and reverse in part. Stadium was unquestionably the "party prevailing on the contract" with respect to the contract-based claims. The jury found in its favor on all the contract claims, even those in the cross-complaint. Auld Irisher, however, prevailed on its tort claim, and, as the trial court found, the lease's fee provision was broad enough to cover this claim. Because the "net monetary recovery" favored Auld Irisher, it was the prevailing party under Code of Civil Procedure section 1032 and therefore entitled to its "costs," which include attorney fees provided by contract. Under this peculiar constellation of circumstances, both sides are entitled to their reasonable fees.

## FACTS

Auld Irisher leased space in appellant's Stadium Promenade Shopping Center for an Irish-themed restaurant and pub; the term of the lease began in January 2008. Branley and Johnson guaranteed the lease on Auld Irisher's behalf. Auld Irisher did not pay its rent starting in November 2010, and Stadium sued the lessee and the guarantors for breach of the lease, breach of the guaranty, and unlawful detainer. The parties entered into a stipulation regarding possession of the premises, and Stadium filed a first amended complaint pursuant to the stipulation. The cause of action for unlawful detainer was dropped, and the complaint alleged only breach of the lease, breach of the guaranty, and declaratory relief.

Auld Irisher filed a cross-complaint alleging breach of the lease, breach of the covenant of quiet enjoyment,[1] various kinds of fraud, and nuisance. Among the allegations of Stadium's wrongdoing was one regarding a problem with the plumbing that allowed offensive odors to permeate the pub. The causes of action for breach of the lease, breach of the covenant of quiet enjoyment, and nuisance included this allegation.

The case was tried to a jury in October 2013. By that time, Johnson had settled with Stadium, paying $63,000, and had been dismissed. The case therefore proceeded against Auld Irisher and Branley on Stadium's complaint and against Stadium on Auld Irisher's cross-complaint. On Stadium's complaint, the jury found in favor of Stadium on both the breach of lease and breach of guaranty causes of action. It awarded damages for past and future rent against both Auld Irisher and Branley in the total amount of $238,856. On Auld Irisher's cross-complaint, the jury found in Stadium's

---

[1] The covenant of quiet enjoyment in the lease provided: "Upon timely payment by Tenant of the Rent, and upon the observance and performance of all of the covenants, terms, and conditions on Tenant's part to be observed and performed hereunder, Tenant shall peaceably and quietly hold and enjoy the Premises for the Term without unreasonable hindrance or interruption by Landlord or any other person or persons lawfully or equitably claiming by, through or under Landlord, subject, nevertheless, to the terms and conditions of this Lease."

3

favor on all causes of action except nuisance. It awarded $184,350 in damages for nuisance.[2]

Although Auld Irisher's cross-complaint identified several instances of nuisance, by the time of trial only the sewage odor was still at issue. The parties' trial briefs and the jury instructions are included in the record. From these we infer that the sewage smell underlay all the causes of action in Auld Irisher's cross-complaint. Stadium apparently did not dispute the existence of the smell, but contended that Auld Irisher had failed to follow the procedure set out in the lease for tenant complaints, specifically written notice of the problem. Several jury instructions dealt with whether Auld Irisher properly notified Stadium regarding the need for repairs.

After post-trial briefing, the court entered judgment in April 2014, in Auld Irisher's favor, calculated as follows: from the $238,856 award to Stadium, the court subtracted $184,350 awarded to Auld Irisher, $63,000 paid to Stadium by Johnson in settlement, and $5,109, representing the present value discount on the award of future rent. As a result of the subtractions, Auld Irisher came out ahead by $13,603. Notice of entry of judgment was served on April 18.

The lease included an attorney fee clause, and both sides made posttrial motions for fees and costs. The lease's fee clause provided, "In the event that either Landlord or Tenant shall institute any action or proceeding against the other relating to the provisions of this Lease, or any default thereunder, or engage an attorney to enforce such provision then, and in that event, the unsuccessful party in such action or proceeding agrees to reimburse the successful party for the actual expenses of attorneys' fees and disbursements incurred therein by the successful party. The successful party in such suit shall be entitled to its costs of suit and actual attorneys' fees whether or not such action is

---

[2] Apparently there was a problem with the jury's verdict regarding Stadium as it was initially rendered, and the jurors were sent back to resolve the problem. As a result, there are two verdicts on Stadium's complaint.

4

prosecuted to judgment. 'Successful party' within the meaning of [this section] shall include, without limitation, a party who brings an action against the other or who defends against an action brought by the other and whose position is substantially upheld."

The trial court granted Auld Irisher's motion for the part of the fees expended on the nuisance claim and denied Stadium's outright. The court found that the fee provision was broad enough to cover both tort and contract claims. It awarded Auld Irisher fees and costs in the amount of $352,922. Stadium has appealed from this order.

## DISCUSSION

**I.          Civil Code section 1717, subdivision (a)**

Several statutes are at issue here. One is Civil Code section 1717, subdivision (a), which provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." The California Supreme Court has held that the statute applies "only to actions that contain at least one contract claim." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 615 (*Santisas*).) [3]

Stadium was indisputably "the party prevailing on the contract." It was "the party who recovered a greater relief in the action on the contract." (Civ. Code, § 1717, subd. (b)(1).) Stadium obtained awards for breach of the lease for both back and future rent. These are "actions on a contract." (See, e.g., *Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 365-366 [basis for cause of action determines whether suit is "on the contract"]; *California Wholesale Material Supply, Inc.*

---

[3]          Code of Civil Procedure section 22 defines "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

*v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598, 605.)  Moreover, the jury found against Auld Irisher on its breach of contract and breach of the covenant claims in the cross-complaint.

"[T]he determination of prevailing party for purpose of contractual attorney fees [under Civil Code section 1717] was to be made without reference to the success or failure of noncontract claims."  (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 873-874 (*Hsu*).)  "[T]he party who obtains greater relief on the contract action is the prevailing party entitled to attorney fees under [Civil Code] section 1717, regardless of whether another party also obtained . . . greater relief on noncontractual claims."  (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 531 (*Frog Creek*).)  Accordingly, Stadium was entitled to attorney fees under Civil Code section 1717 for the amounts expended on the contract claims.

## II.         Code of Civil Procedure sections 1021 and 1032

But that is not the end of the story.  As the court held in *Santisas*, "Under [Civil Code] section 1717, the seller defendants are not 'part[ies] prevailing on the contract'[4] . . . .  But this conclusion does not affect the seller defendants' right to recover as costs the attorney fees they incurred in defense of the tort claims.  Because [Civil Code] section 1717 does not apply to those claims [citations], it does not bar recovery of attorney fees that were incurred in litigation of those claims and that are otherwise recoverable as a matter of contract law."  (*Santisas, supra*, 17 Cal.4th at p. 619.)  The court further observed that "the Legislature did not act to expand the scope of [Civil Code] section 1717 to encompass tort and other noncontract claims arising from contracts containing broadly worded attorney fee provisions, nor did it enact separate legislation to address such claims or otherwise articulate public policy as permitting or precluding attorney fee awards as costs for such claims.  Given this legislative inaction, we cannot

---

[4]         The seller defendants had been dismissed.  Civil Code section 1717, subdivision (a), provides that when an action has been dismissed, there is no party prevailing on the contract and thus no right to attorney fees.

assume that the Legislature views such awards as against public policy." (*Id.* at p. 621.) The court concluded that the dismissed defendants were "entitled under the attorney fee provision of the purchase agreement to recover as costs the amount they incurred in attorney fees to defend the tort claims . . . ." (*Id.* at p. 622.)

Code of Civil Procedure section 1021 provides, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." The fee provision, which allowed attorney fees for "any action or proceeding against the other relating to the provisions of this lease," was broad enough to encompass Auld Irisher's tort claim for nuisance. (See, e.g., *Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1799; *Moallem v. Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1830, 1831 (*Moallem*).)

The lease provided for attorney fees to a party that "institute[ed] an action" "relating to the provisions of this Lease." Auld Irisher's nuisance claim in its cross-complaint "related to" a lease "provision." The lease included a covenant of quiet enjoyment that provided, in effect, contractual protection against nuisance.[5] Although the jury found against Auld Irisher on the breach of the covenant claim, we infer from the trial materials in the record that it probably did so because it credited Stadium's argument regarding waiver. That is, the pub smelled bad, but Auld Irisher did not give Stadium proper notice of the problem. If the jury had *not* believed the pub smelled bad and the smell was Stadium's fault, it would have found against Auld Irisher on the nuisance claim as well. The jury's verdict in Stadium's favor on the breach of the covenant cause of action does not mean the nuisance claim did not "relate to" a provision of the lease.

---

[5] Civil Code section 3479 includes "an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property" in the definition of "nuisance."

7

The attorney fee provision also required a party to be "successful" in order to be entitled to reimbursement for fees, expenses, and disbursements.[6] "'Successful party' . . . shall include, without limitation, a party who brings an action against the other or who defends against an action brought by the other and whose position is substantially upheld." The definition of "successful party" is quite vague. In the first place, the term merely "includes" the category of parties whose position is substantially upheld; "successful party" could therefore be interpreted in other ways.[7] (See *People v. Western Air Lines, Inc*. (1954) 42 Cal.2d 621, 639 ["includes" is word of enlargement, not limitation]; *In re Marriage of Angoco & San Nicolas* (1994) 27 Cal.App.4th 1527, 1534 [same].) Even more indefinite is the inclusion in the provision of the words "without limitation." This leaves the field rather wide open.

Secondly, the successful party's position must be "substantially upheld." The provision does not require the successful party to be *totally* victorious. Both sides' positions could be substantially upheld, as they were in this case. Stadium's position on the contract was *substantially* upheld, and Auld Irisher's position on the nuisance claim was substantially upheld.

Auld Irisher sued Stadium for contract and tort claims under a lease containing an attorney fee provision broad enough to encompass both kinds of claims and with an exceedingly vague definition of "successful party." It prevailed on a tort claim, one that "related to" a lease provision. An action is "outside the ambit of [Civil Code] section 1717 insofar as it asserts tort claims[.]" (*Santisas, supra,* 17 Cal.4th at p. 615.) In mixed contract and tort actions, the section "applies only to attorney fees incurred to litigate the contract claims." (*Ibid*.) Fees for the non-contract claims, however, are left to

---

[6] "[T]he unsuccessful party . . . agrees to reimburse the successful party for the actual expenses and attorneys' fees and disbursements incurred [in any action or proceeding . . .] by the successful party."

[7] The provision is also ambiguous, depending on the antecedent of "whose." It could mean that a party who brings an action against another is automatically entitled to fees, whether or not that party is successful. We have to interpret contracts so that they make sense. (See Civ. Code, § 1638.)

8

the parties' agreement, per Code of Civil Procedure section 1021. "An agreement to pay attorney fees to the prevailing party in an action not governed by Civil Code section 1717 or some other statute is controlled by the more general provisions found in the Code of Civil Procedure." (*Maynard v. BTI Group, Inc.* (2013) 216 Cal.App.4th 984, 993-994.)

Code of Civil Procedure section 1032, subdivision (b), provides that a prevailing party is entitled to costs "as a matter of right," and Code of Civil Procedure section 1033.5, subdivision (a) (10)(A) provides: "The following items are allowable as costs under Section 1032: [¶] . . . [¶] (10) Attorney's fees, when authorized by any of the following: [¶] (A) Contract." Code of Civil Procedure section 1032, subdivision (a)(4) provides definitions of "prevailing party"; they include "the party with a net monetary recovery."

Auld Irisher prevailed on its nuisance cause of action, which was covered by the terms of the lease's fee provision. It was also the party with the "net monetary recovery," after the amount of the settlement with Johnson and Auld Irisher's nuisance damages were deducted from the jury's award to Stadium. Neither party appealed from the judgment itself.[8]

So which party is entitled to attorney fees? The answer has to be: both of them. We have found nothing in the legislative history to suggest that the Civil Code takes precedence over the Code of Civil Procedure or vice versa when the conditions for applying each attorney fee statute are met. (See, e.g., *Santisas, supra,* 17 Cal.4th at pp. 613-614, 616-617, 621; *Hsu, supra,* 9 Cal.4th at pp. 872-874; *Frog Creek, supra,* 206 Cal.App.4th at pp. 525-531; *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1335, fn. 3.) Stadium prevailed "on the contract," and Auld Irisher prevailed under the terms of the fee

---

[8] We do not address Stadium's argument that the trial court improperly calculated the judgment, by reducing Stadium's award below zero. Regardless of whether it was correct or incorrect in so doing, the court made the calculation in connection with the judgment, not with the fee awards. The opportunity to complain about the way the judgment was calculated was lost when the time to appeal it expired. A modification to add costs and fees is not a substantial alteration of the original judgment and does not restart the appellate clock. (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.)

9

provision and Code of Civil Procedure sections 1021 and 1032. These are two distinct means of recovering attorney fees, each with its own requirements and conditions. (See *DeSaulles v. Community Hospital of the Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147 [definition of "prevailing party" in Code of Civil Procedure section 1032 not universally applicable]; *Santisas, supra*, 17 Cal.4th at pp. 615, 619 [Civil Code section 1717 applies to contract actions; Code of Civil Procedure section 1032 applies to tort actions]; *Moallem, supra,* 25 Cal.App.4th at pp. 1832-1833 [reciprocity applies only to Civil Code section 1717, not Code of Civil Procedure 1021].)

**III.     Costs**

The trial court awarded Auld Irisher $39,488 in costs, and the amount of this award has not been disputed. As the party with the net monetary recovery – the "prevailing party" as defined by Code of Civil Procedure section 1032 – Auld Irisher was entitled to recoup its costs.

In addition to attorney fees, the lease allowed the successful party to recover both "disbursements" and "costs of suit." Civil Code section 1717, subdivision (a), provides for an award of "reasonable attorney's fees in addition to other costs" "where the contract specifically provides that attorney's fees and costs . . . shall be awarded to . . . the prevailing party[.]" The attorney fee provision in the lease specifically provided for costs, so Stadium is also entitled to recover its contract-related costs under this code section. (See *Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1249 [party prevailing on contract entitled to costs under Civil Code section 1717 even if not entitled to costs under Code of Civil Procedure section 1032].)

**IV.     Civil Code section 1717, subdivision (c)**

Given the reciprocal entitlement to fees under the different statutes, the matter must be sent back to the trial court for an additional determination. Both statutes entitled the parties only to "reasonable" fees. (Civ. Code, § 1717, subd. (a); Code Civ. Proc., 1033.5, subd. (c)(3).) The trial court has already determined the reasonable fees to

10

be awarded to Auld Irisher, the amount of which Stadium did not dispute. It now must determine the reasonable fees to be awarded to Stadium on its successful contract claims.

There is one more statute to be considered: Civil Code section 1717, subdivision (c), which provides: "In an action which seeks relief in addition to that based on a contract, if the party prevailing on the contract has damages awarded against it on causes of action not on the contract, the amounts awarded to the party prevailing on the contract under this section shall be deducted from any damages awarded in favor of the party who did not prevail on the contract. If the amount awarded under this section exceeds the amount of damages awarded the party not prevailing on the contract, the net amount shall be awarded the party prevailing on the contract and judgment may be entered in favor of the party prevailing on the contract for that net amount." Thus, once the trial court has determined Stadium's reasonable contract fees and costs, it *must* reduce this amount by Auld Irisher's net damages award of $13,603. Assuming Stadium's contract-related fees and costs exceed $13,603, the amount remaining must be awarded to Stadium under Civil Code section 1717, subdivision (c). The statute does not *require* the court to enter judgment in this amount, however, and the judgment in this case has already been entered. The time for contesting it has expired. The sole issue before the trial court, then, was the final fee award to each party.

When it determines the reasonable fees to be awarded to Stadium from Auld Irisher, the court must also determine the status of Branley, Auld Irisher's guarantor. The jury found against Branley on the breach of the guaranty, and the guaranty included an attorney fee provision. The briefing on Branley in this appeal has been too cursory to allow us to decide the issue of his liability for attorney fees.

**DISPOSITION**

The order denying Stadium's motion for attorney fees is reversed and the matter is returned to the trial court for a determination of the reasonable fees and costs to which Stadium is entitled as the party prevailing in an action on the contract. Auld

11

Irisher's net damages award of $13,603 must be subtracted from the attorney fees and costs awarded to Stadium, pursuant to Civil Code section 1717, subdivision (c).  The trial court is also to determine the liability, if any, of Branley to Stadium for attorney fees.  The order granting Auld Irisher's motion for attorney fees is affirmed.  Each party is to bear its own costs on appeal.


                         BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.