Filed 11/19/15  Lozano v. Aqua 2000 Purified Water Vending Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ENRIQUE LOZANO, | D066403 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. ECU 07583) |
| AQUA 2000 PURIFIED WATER VENDING COMPANY, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Imperial County, Juan Ulloa, Judge.  Reversed and remanded with directions.

Dennis J. Price for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Enrique Lozano appeals from a judgment of dismissal after the trial court denied his request to enter judgment on his accepted offer to compromise under Code of Civil Procedure section 998 (section 998).  He contends the trial court erred in refusing to enter judgment pursuant to section 998 based on its finding that the offer did not comply with the statute.  We agree and reverse the judgment of dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

Lozano is a paraplegic who uses a wheelchair for mobility. Aqua 2000 Purified Water Vending Company, LLC (Aqua) is the owner and operator of a water vending facility in Calexico, California. Lozano attempted to obtain water from Aqua's facility but was unable to do so because the operating controls and mechanisms were too high.

In March 2013, Lozano brought an action against Aqua for negligence and violations of the Americans with Disabilities Act, Unruh Civil Rights Act, and California Disabled Persons Act. In September of that year, Aqua gave Lozano an offer to compromise pursuant to section 998 (the Offer). The Offer provided:

> "Pursuant to . . . [section] 998, Defendant Aqua 2000, Purified Water Vending Company, LLC offers to pay in exchange for dismissal of this action, the sum of $6000 in satisfaction of all claims for damages, costs and expenses, attorney's fees and interest in this action. You may indicate below your acceptance of this offer by signing the statement to that effect that is set forth below. This offer shall remain open for thirty days from the date signed below."

Lozano signed and accepted the Offer within three days. As of July 2014, Aqua failed to pay Lozano any amount of money.

Lozano filed the accepted Offer with the court. Lozano requested ex parte that the court enter judgment in his favor in accordance with the Offer. The trial court refused, concluding the Offer did not comply with the statute.

DISCUSSION

Lozano argues the Offer was enforceable and he was entitled to entry of judgment based thereon. We agree.

2

"The issue of whether a section 998 offer is enforceable, and the application of section 998 to an undisputed set of facts, presents questions of law, which we review de novo." (*Westamerica Bank v. MBG Industries, Inc*. (2007) 158 Cal.App.4th 109, 130.)

Under section 998, subdivision (b), a party to a civil action "may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (§ 998, subd. (b).) "If the offer is accepted, the offer with proof of acceptance shall be filed and *the clerk or the judge shall enter judgment accordingly*." (§ 998, subd. (b)(1) (italics added).)

"If no other 'terms and conditions' apart from the consideration required to consummate the settlement are specifically set forth, then the offer, by virtue of default to the statutory language, is simply intended as one to 'allow judgment to be taken' in exchange for the specified amount of funds." (*Berg v. Darden* (2004) 120 Cal.App.4th 721, 728 (*Berg*).) " '[A]s between the parties thereto and for purposes of enforcement of settlement agreements, a compromise agreement contemplating payment by defendant and dismissal of the action by plaintiff is the legal equivalent of a judgment in plaintiff's favor.' " (*American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1055 (*American Airlines*).)

Here, the Offer clearly shows that the parties intended that it be governed by section 998. It was entitled "Offer to Compromise Pursuant to Code of Civil Procedure

3

§ 998 to Plaintiff" and referenced the statute in its terms.  Additionally, the terms of the Offer and its acceptance revealed that the parties intended to finally dispose of the lawsuit by resolving "all claims for damages, costs and expenses, attorney's fees, and interest in this action" in exchange for $6,000.  The Offer complied with section 998 in that it included a statement of the offer containing the terms and conditions of the judgment or award (payment of $6,000 in satisfaction of all claims, damages, costs, expenses, attorney's fees and interest), and a provision allowing the accepting party to accept the offer by signing the acceptance.  (§ 998, subd. (b).)

Although the Offer did not specifically reference entry of judgment and instead called for dismissal, we do not find that omission fatal.  (*American Airlines, Inc.*, *supra*, 96 Cal.App.4th at pp. 1055-1056 [plaintiff's offer to compromise in exchange for dismissal of the lawsuit was valid even though it did not provide for entry of judgment because the compromise offer contemplated some final disposition of the case].)  Aqua expressly made its offer pursuant to section 998, which provides that "[i]f the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter *judgment* accordingly."  (§ 998, subd. (b)(1), italics added.)  "An otherwise clear section 998 offer is not rendered invalid simply because it does not track precisely the language of the statute."  (*Berg*, *supra*, 120 Cal.App.4th at p. 728.)  Moreover, to the extent that there is an ambiguity in the way in which the lawsuit would be terminated, we construe those ambiguities against the offeror.  (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 184.)

4

Lozano presumably did not dismiss the action because Aqua never paid him. Accordingly, his only option to obtain a final disposition of the case was entry of judgment on the terms of the Offer. "[T]he purposes of section 998 [are] best served by enforcement of statutory offers which, despite the absence of the statutory language proposing to 'allow judgment to be taken,' make it clear that settlement will result in a final disposition of the litigation." (*Berg*, *supra*, 120 Cal.App.4th at p. 729.)

As a matter of law, we find that the Offer satisfied the requirements of section 998. Thus, the trial court erred by failing to enter judgment in accordance with the terms and conditions set forth in the Offer.

## DISPOSITION

The judgment of dismissal entered on October 27, 2014, is reversed and the case is remanded for the trial court to enter judgment in accordance with the parties' Offer. Lozano is entitled to costs on appeal.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

IRION, J.

5